Michael D. Smith (Wyo. State Bar # 6-3353)
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
Cheyenne, WY 82003-1347
Telephone: (307) 778-4200
MDSmith@hollandhart.com

J. Mark Smith (admitted *Pro Hac Vice*)
FAIRFIELD AND WOODS, P.C.
1801 California St., Suite 2600
Denver, CO 80202
Telephone: (303) 830-2400
jmsmith@fwlaw.com

ATTORNEYS FOR DEFENDANTS AND COUNTERCLAIM PLAINTIFFS, LUNAVI, INC., A WYOMING CORPORATION [F/K/A GREEN HOUSE DATA, INC., A WYOMING CORPORATION]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| SWITCH, LTD., a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>LUNAVI, INC., a Wyoming corporation; GREEN HOUSE DATA, INC., a Wyoming corporation.<br><br>Defendants. | **Case No. 0:21-cv-00147-ABJ**<br><br>**DEMAND FOR JURY TRIAL** |

**ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT AND COUNTERCLAIMS**

Defendants Lunavi, Inc., a Wyoming corporation [f/k/a Green House Data, Inc., a Wyoming corporation] ([collectively] "Lunavi" or "Defendants"), by and through its/their

undersigned counsel, Fairfield and Woods, P.C. (*Pro Hac Vice*), respectfully submit their Answer and Affirmative Defenses to Plaintiff's Complaint for Patent Infringement, and state as follows:

## THE PARTIES

1. Defendants lack sufficient knowledge to form a belief as to the truth of the allegations contained in paragraph 1, and therefore, deny said allegations.

2. Defendants admit the allegations in paragraph 2, but affirmatively state that its facilities do not infringe the patents as alleged.

3. Defendants admit the allegations in paragraph 3, but affirmatively state that its facilities do not infringe the patents as alleged.

4. Defendants admit the allegations in paragraph 4.

## JURISDICTION AND VENUE

5. Defendants admit the allegations in paragraph 5, that the action is one alleging patent infringement and that this Court has subject matter jurisdiction.

6. Defendants admit the allegations of personal jurisdiction in Paragraph 6, but deny the remaining allegations.

7. Defendants deny the allegations in paragraph 7.

8. Defendants admit that venue is proper, but deny the remaining allegations in paragraph 8.

## BACKGROUND

9. Defendants deny the allegations in paragraph 9.

10. Defendants lack information and therefore deny the allegations in paragraph 10.

11. Defendants lack information and therefore deny the allegations in paragraph 11.

12. Defendants lack information and therefore deny the allegations in paragraph 12.

13. Defendants lack information and therefore deny the allegations in paragraph 13.

14. Defendants lack information and therefore deny the allegations in paragraph 14.

15. Defendants lack information and therefore deny the allegations in paragraph 15.

16. Defendants lack information and therefore deny the allegations in paragraph 16.

17. Defendants lack information and therefore deny the allegations in paragraph 17.

18. Defendants lack information and therefore deny the allegations in paragraph 18.

19. Defendants lack information and therefore deny the allegations in paragraph 19.

20. Defendants lack information and therefore deny the allegations in paragraph 20.

21. Defendants lack information and therefore deny the allegations in paragraph 21.

22. Defendants deny the allegations in paragraph 22.

23. Defendants admit the allegations in paragraph 23 that Plaintiff sent a letter to Defendant, but deny that they infringe.

24. Defendants admit that it has not licensed the subject patents, as it does not infringe and therefore deny the remaining allegations in paragraph 24.

25. Defendants lack information and therefore deny the allegations of paragraph 25.

## CAUSES OF ACTION

### Count I: Infringement of U.S. Patent No. 10,356,939

26. As paragraph 26 repeats prior allegations, Defendants incorporates their prior answers as if set forth herein.

27. Defendants deny the allegations of paragraph 27.

28. Defendants deny the allegations of paragraph 28.

29. Defendants deny the allegations of paragraph 29.

30. Defendants deny the allegations of paragraph 30.

31. Defendants deny the allegations of paragraph 31.

32. Defendants deny the allegations of paragraph 32.

33. Defendants deny the allegations of paragraph 33.

34. Defendants deny the allegations of paragraph 34.

35. Defendants deny the allegations of paragraph 35.

36. Defendants deny the allegations of paragraph 36.

37. Defendants deny the allegations of paragraph 37.

38. Defendants deny the allegations of paragraph 38.

39. Defendants admit that Plaintiff sent a letter but deny the remaining allegations of paragraph 39.

40. Defendants deny the allegations of paragraph 40.

41. Defendants deny the allegations of paragraph 41.

42. Defendants deny the allegations of paragraph 42.

## Count II: Infringement of U.S. Patent No. 10,178,796

43. As paragraph 43 repeats prior allegations, Defendants incorporate their prior answers as if set forth herein.

44. Defendants deny the allegations of paragraph 44.

45. Defendants deny the allegations of paragraph 45.

46. Defendants deny the allegations of paragraph 46.

47. Defendants deny the allegations of paragraph 47.

48. Defendants deny the allegations of paragraph 48.

49. Defendants deny the allegations of paragraph 49.

50. Defendants deny the allegations of paragraph 50.

51. Defendants deny the allegations of paragraph 51.

52. Defendants deny the allegations of paragraph 52.

53. Defendants deny the allegations of paragraph 53.

54. Defendants deny the allegations of paragraph 54.

55. Defendants deny the allegations of paragraph 55.

56. Defendants deny the allegations of paragraph 56.

57. Defendants admit that Plaintiffs sent a letter but deny the remaining allegations of paragraph 57.

58. Defendants deny the allegations of paragraph 58.

59. Defendants deny the allegations of paragraph 59.

60. Defendants deny the allegations of paragraph 60.

## Count III: Infringement of U.S. Patent No. 9,788,455

61. As paragraph 61 repeats prior allegations, Defendants incorporate their prior answers as if set forth herein.

62. Defendants deny the allegations of paragraph 62.

63. Defendants deny the allegations of paragraph 63.

64. Defendants deny the allegations of paragraph 64.

65. Defendants deny the allegations of paragraph 65.

66. Defendants deny the allegations of paragraph 66.

67. Defendants deny the allegations of paragraph 67.

68. Defendants deny the allegations of paragraph 68.

69. Defendants deny the allegations of paragraph 69.

70. Defendants deny the allegations of paragraph 70.

71. Defendants deny the allegations of paragraph 71.

72. Defendants deny the allegations of paragraph 72.

73. Defendants deny the allegations of paragraph 73.

74. Defendants deny the allegations of paragraph 74.

75. Defendants admit that the Plaintiff sent a letter but deny the remaining allegations of paragraph 75.

76. Defendants deny the allegations of paragraph 76.

77. Defendants deny the allegations of paragraph 77.

78. Defendants deny the allegations of paragraph 78.

**Count IV: Infringement of U.S. Patent No. 8,523,643**

79. As paragraph 79 repeats prior allegations, Defendants incorporate their prior answers as if set forth herein.

80. Defendants deny the allegations of paragraph 80.

81. Defendants deny the allegations of paragraph 81.

82. Defendants deny the allegations of paragraph 82.

83. Defendants deny the allegations of paragraph 83.

84. Defendants deny the allegations of paragraph 84.

85. Defendants deny the allegations of paragraph 85.

86. Defendants deny the allegations of paragraph 86.

87. Defendants deny the allegations of paragraph 87.

88. Defendants deny the allegations of paragraph 88.

89. Defendants deny the allegations of paragraph 89.

90. Defendants deny the allegations of paragraph 90.

91. Defendants deny the allegations of paragraph 91.

92. Defendants deny the allegations of paragraph 92.

93. Defendants deny the allegations of paragraph 93.

94. Defendants admit that Plaintiff sent a letter but deny the remaining allegations of paragraph 94.

95. Defendants deny the allegations of paragraph 95.

96. Defendants deny the allegations of paragraph 96.

97. Defendants deny the allegations of paragraph 97.

98. Defendants deny any allegation not expressly admitted herein.

## DEFENSES

99. The asserted patents are not and have not been infringed by Defendants.

100. Each of the claims asserted by Plaintiff is invalid for failure to comply with at least the provisions of Sections 102, 103, and 112 of the Patent Statute, 35 U.S.C. 101 *et seq*.

101. By virtue of prosecution estoppel Plaintiff is barred from asserting any interpretation of the subject claims that would render Defendants' facilities as infringing.

## COUNTERCLAIM FOR DECLARATORY RELIEF OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY

102. Pursuant to 28 U.S.C. 2201 and 2202, a declaratory relief is sought adjudging each of the asserted claims of the subject patents to be invalid, unenforceable, and non-infringing by Defendants/Counterclaim Plaintiffs, Lunavi, Inc., a Wyoming corporation [f/k/a Green House Data, Inc., a Wyoming corporation] (hereinafter referred to collectively as "Counterclaim Plaintiffs Lunavi").

103. Counterclaim Plaintiffs Lunavi are corporations organized and existing under the laws of Wyoming, having their principal place of business in Cheyenne, Wyoming.

104. Plaintiff/Counterclaim Defendant, Switch Ltd. (hereinafter referred to "Counterclaim Defendant Switch"), as asserted in Paragraph 1 of their Complaint is a Nevada company with its principal place of business in Las Vegas, Nevada.

105. Counterclaim Defendant Switch alleges that it is the sole owner of all rights in the patents cited in their Complaint.

106. The Court has jurisdiction over the subject matter in this Counterclaim pursuant to 28 U.S.C. 1331, 1338, 2201, and 2202.

107. Venue is proper in the District in accordance with 28 U.S.C. 1391.

108. Counterclaim Defendant Switch has asserted in its Complaint that Counterclaim Plaintiffs Lunavi are infringing the subject patents.

109. Counterclaim Plaintiffs Lunavi, deny that they infringe when properly construed, as they fail to cover any product, structure or process used, offered for sale, or incorporated in Defendants' facilities.

110. An actual and justiciable controversy exists between the parties, Counterclaim Plaintiffs Lunavi and Counterclaim Defendant Switch, with respect to the enforceability, validity, and infringement of the subject patents alleged by Counterclaim Defendant Switch in their Complaint.

111. Each of the subject patent claims asserted by Counterclaim Defendant Switch is invalid for failure to comply with at least 35 U.S.C. 102, 103, and 112.

112. The subject patent claims are not infringed by Counterclaim Plaintiffs Lunavi.

113. The subject patent claims are not enforceable as against Counterclaim Plaintiffs Lunavi.

## PRAYER FOR RELIEF

WHEREFORE, Defendants Lunavi, Inc., a Wyoming corporation [f/k/a Green House Data, Inc., a Wyoming corporation] having answered the Complaint filed by Plaintiff Switch, Ltd. and having asserted their Counterclaims that the subject patent claims are unenforceable, invalid, and not infringed, Defendants/Counterclaimant Plaintiffs, Lunavi, Inc., a Wyoming corporation [f/k/a Green House Data, Inc., a Wyoming corporation], pray for the following relief:

1. entry of dismissal of the Switch, Ltd. Complaint and a finding of non-infringement;

2. entry of judgment in favor of Defendants/Counterclaim Plaintiffs Lunavi, Inc., a Wyoming corporation [f/k/a Green House Data, Inc., a Wyoming corporation] of non-infringement;

3. entry of judgment in favor of Defendants/Counterclaim Plaintiffs Lunavi, Inc., a Wyoming corporation [f/k/a Green House Data, Inc., a Wyoming corporation] that the asserted patent claims are unenforceable and invalid;

4. enter a judgment finding that this case is exceptional under 35 U.S.C. 285 and awarding Defendants/Counterclaim Plaintiffs Lunavi, Inc., a Wyoming corporation [f/k/a Green House Data, Inc., a Wyoming corporation] their attorney fees, costs, and expenses; and

5. grant to Defendants/Counterclaim Plaintiffs Lunavi, Inc., a Wyoming corporation [f/k/a Green House Data, Inc., a Wyoming corporation] such other relief as the Court deems just and reasonable.

## JURY DEMAND

Defendants/Counterclaim Plaintiffs Lunavi, Inc., a Wyoming corporation [f/k/a Green House Data, Inc., a Wyoming corporation] demand trial by jury on all issues so triable.

DATED: August 31, 2021.

Respectfully submitted,

By: *<u>/s/ J. Mark Smith</u>*

J. Mark Smith (admitted *Pro Hac Vice*)
FAIRFIELD AND WOODS, P.C.
1801 California St., Suite 2600
Denver, CO 80202
jmsmith@fwlaw.com
Telephone: (303) 830-2400
Facsimile: (303) 830-1033

and

Michael D. Smith (Wyo. State Bar # 6-3353)
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
Cheyenne, WY 82003-1347
MDSmith@hollandhart.com
Telephone: (307) 778-4200

ATTORNEYS FOR DEFENDANTS AND COUNTERCLAIM PLAINTIFFS, LUNAVI, INC., A WYOMING CORPORATION [F/K/A GREEN HOUSE DATA, INC., A WYOMING CORPORATION]

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2021, I served the following via CM/ECF:

Alaina M. Stedillie
Crowley Fleck PLLP
111 West 2nd Street, Suite 220
Casper, WY 82601
Tel: (307) 232-6917
astedillie@crowleyfleck.com
*Attorneys for Plaintiff*

And by placing a true and correct copy thereof in the United States mail, postage prepaid and properly addressed to the following:

Frederick L. Whitmer
Kilpatrick Townsend & Stockton, LLP
1114 Avenue of the Americas, 21st Floor
New York, NY 10036
Tel: (212) 775-8700
fwhitmer@kilpatricktownsend.com

Mansi Shah
Kilpatrick Townsend & Stockton, LLP
1080 Marsh Road
Menlo Park, CA 94025
Tel: (650) 752-2445
mansi.shah@kilpatricktownsend.com

Sam Castor
Lynnel Reyes
Switch, Ltd.
7135 South Decatur Blvd.
Las Vegas, NV 89118
*Attorneys for Plaintiff*

*/s/ J. Mark Smith*

17317969_v1